## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 06-21439-CIV-LENARD/TORRES

SCHILLER AMERICA, INC., a Florida
Corporation and SCHILLER, A.G., a
Company organized under the laws of
Switzerland,

        Plaintiffs,

v.

WELCH ALLYN, INC., a New York
Corporation,

        Defendant.
_____/

## ORDER STRIKING DEFENDANT'S REQUEST FOR LEAVE

This matter is before the Court in response to Plaintiff's request for leave to take in excess of ten depositions included within it's Motion for Extension of Time to Complete Discovery [D.E. 88] that was resolved by an Amended Order entered this date. For the reasons that follow, that request for leave will be Stricken without prejudice.

1.    The pending request is procedurally deficient, in the first place, with respect to the multiple relief included within the body of this motion. A party seeking multiple relief should docket multiple motions, as per the Court's Local ECF rules.

2.    That would not, by itself, be enough for the Court to strike the request were it not also substantively deficient. Plaintiff argues that it has demonstrated good cause to take as much as ten (10) depositions in the case beyond the normal limit. The problem is that the record on the pending request is not sufficient for the Court to determine how many depositions have been taken to date or what depositions will be taken before any excess depositions are required.

3. When a party seeks leave to take more than ten depositions as limited by Fed. R. Civ. P. 30(a)(2)(A), the Court's decision whether to grant such a request is governed by the principles set out in Rule 26(b)(2):

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking in to account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2).

4. Accordingly, a party seeking more than ten depositions in a case must justify the necessity of each deposition *previously taken* without leave of court. *See Barrow v. Greenville Indep. School Dist.*, 202 F.R.D. 480, 482 (N.D. Tex. 2001). Moreover, the moving party must make a particularized showing why extra depositions are necessary. *Id.*; *Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minn.*, 187 F.R.D. 578, 586 (D. Minn. 1999). It is, therefore, impossible for Plaintiff to demonstrate that particularized showing in this case because, to date, it has clearly taken less than the ten depositions allotted under the Rule. can at this point only speculate as to what the other depositions they are permitted to take by rule will reveal.

5. Moreover, Rule 30(a)(2)(A) clearly contemplates that a party has already taken ten depositions before a motion is filed seeking leave of court for a "proposed deposition [that] would result in more than ten depositions being taken under this rule. . . ." That is why the court in *Archer Daniels* denied a request similar to Plaintiff's request here. *Id.* at 587 (a party "should appropriately exhaust its current quota of depositions,

in order to make an informed request for an opportunity to depose more witnesses, before seeking leave to depose a legion of others"); *see also Whittingham v. Amherst College,* 163 F.R.D. 170, 171 (D. Mass. 1995) (a similar local rule "requires a party to exhaust available discovery before seeking leave for additional discovery events").

      6.      Plaintiff's request anticipates that a wide range of issues and defenses will require extensive discovery and additional depositions, especially because there are several non-party depositions that Plaintiff intends to take. That may or may not turn out to be the case. But the Court should not and will not entertain a premature motion to exceed the standard number of depositions based upon speculation and conjecture, even if it is reasonably informed and asserted in good faith as is the case here.

      7.      It is important for all parties to understand that prior to taking any deposition they must always assess whether or not a deposition of that witness is truly necessary, based in part upon the time and expense that even a single deposition incurs for all parties involved. Parties must also take into account the standard ten deposition limit in making that assessment. And only after that process has borne out will the parties truly appreciate whether extraordinary discovery, as contemplated in Plaintiff's request, will be absolutely necessary to justify a motion for leave under Rule 30(a)(2)(A). That process has clearly not been exhausted in this case.

      8.      Having said that, of course, the request for leave is Stricken but without prejudice because Plaintiff may be able to show at a later date, but prior to the amended discovery cutoff, that it can demonstrate good cause to take additional depositions beyond the normal limit. In the event that Plaintiff will feel compelled to make this request again, it will have to justify the necessity of taking each and every one of the completed depositions that it is permitted under the rule. The Court will grant in this instance Plaintiff the right to file a written motion for that purpose rather than through the Court

s discovery calendar.  Additionally, the Court reminds the parties that they are free to take additional depositions or depositions beyond the cutoff date but only through their mutual agreement.

**DONE AND ORDERED** in Chambers at Miami, Florida this 14th day of September, 2007.

_____
EDWIN G. TORRES
United States Magistrate Judge